IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SIZEWISE RENTALS, LLC**, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **ERGO SCIENCES, INC.**, a Pennsylvania corporation <br><br> Service: Frederick M. Floeck <br> 901 South Bolmar St., Ste. Q <br> West Chester, PA 19382 <br><br> and <br><br> **NEW ENGLAND BARIATRICS, INC.**, a Connecticut corporation <br><br> Service: Corporation Service Company, <br> Registered Agent <br> 50 Weston St. <br> Hartford, CT 06120 <br><br> Defendants. | Case No. _____ |

## COMPLAINT

Comes now Sizewise Rentals, Inc., and for its cause of action against Defendants, states and alleges as follows:

### PARTIES, JURISDICTION, VENUE

1. Plaintiff, Sizewise Rentals, LLC, ("Sizewise") is a Nevada limited liability company with its principal places of business in Las Vegas, Nevada; Ellis, Kansas; and Kansas City, Missouri. It is the successor in interest to SizeWise Rentals, Inc., a Kansas corporation, which had its principal place of business in Ellis, Kansas. Sizewise is a nationwide distributor and renter of bariatric

equipment – specialized medical equipment, such as beds and wheel chairs, used in the care of obese and larger patients.

2.  Defendant New England Bariatrics, Inc. ("New England Bariatrics") is a Connecticut corporation with its principal place of business in Wallingford, Connecticut. It is currently engaged in the business of distributing and leasing hospital and medical equipment, including bariatric equipment.

3.  Defendant Ergo Sciences, Inc., ("Ergo Sciences") is a Pennsylvania corporation with its principal place of business in West Chester, Pennsylvania. It is currently engaged in the business of distributing and leasing hospital and medical equipment, including bariatric equipment.

4.  This court has diversity jurisdiction under 28 U.S.C. § 1332, as the action is between citizens of different states and the amount in controversy exceeds $75,000.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the Defendants are subject to personal jurisdiction in the District of Kansas and because of a contractual agreement between the parties providing for venue in Kansas.

**FACTUAL BACKGROUND**

6.  In October 1999, Sizewise entered into a written "Consignment for Rental/Service Agent Agreement" with each defendant ("Agreements"). The agreements were identical in all material aspects except for the designated geographic service areas.

7.  Attached as Exhibit 1 is a true and complete copy of the Consignment for Rental/Service Agent Agreement between SizeWise Rentals, Inc. and Ergo Sciences, Inc.

8.  Attached as Exhibit 2 is a true and complete copy of the Consignment for Rental/Service Agent Agreement between SizeWise Rentals, Inc. and New England Bariatrics, Inc.

9.      Under the Agreements, starting in October 1999, Sizewise consigned bariatric equipment to Defendants to support rental agreements between Sizewise and its customers within each defendant's designated geographic service area.  Defendants had an obligation to inspect, inventory and maintain the bariatric equipment in accordance with the Sizewise procedures manual.  Defendants were required to provide delivery of bariatric equipment to customers on a 24-hour/seven-day-a-week basis.  Defendants were required to provide on-site maintenance of bariatric equipment on a 24-hour/seven-day-a-week basis.  Defendants were required to conduct sales calls on customers or contacts referred to them by Sizewise.

10.     Under section 3.2 of the Agreements, Defendants, as compensation for performing services under the Agreements, received 40% of the modified gross revenues accrued by Sizewise from leases of bariatric equipment to customers within the defendant's designated service area.

11.     Under section 1.6 of the Agreements, Defendants could perform services only within the service areas set forth in the Agreements and could not place leases for bariatric equipment provided by Sizewise outside the service area without the express prior written approval of Sizewise.

12.     Exhibit 1.1(e) of the Agreement established the geographic service area for defendant Ergo Sciences, as the State of Delaware, eight counties in New Jersey, and twelve counties in Pennsylvania.

13.     Exhibit 1.1(e) of the Agreement established the geographic service area for defendant New England Bariatrics, as the States of Connecticut and Rhode Island.

14.     Under section 1.3 of the Agreements, Sizewise can terminate either Agreement for failure to comply with established Sizewise policy, unauthorized use of the bariatric equipment, and direct invoicing of customers for use of the bariatric equipment.

15. Under section 2.6 of the Agreements, Defendants were:

   a. Prohibited from directly billing or invoicing customers for bariatric equipment;

   b. Required to pay over to Sizewise all rents, deposits and advance payments paid to defendant in connection with bariatric equipment as soon as it was collected; and

   c. Required to use their best efforts to cooperate with Sizewise in the collection of any accounts receivable from customers in the service area.

16. Under section 2.9(a) of the Agreements, Defendants were prohibited from leasing bariatric equipment or similar equipment for any other person or organization. Section 2.9(a) also required that all equipment leases for bariatric equipment placed by Defendants during the Agreements' terms be placed exclusively through Sizewise.

17. Under section 2.9(b) of the Agreements, during the term of the Agreements and for a period of three years immediately following the Agreements' termination, Defendants agreed to not call upon or accept leasing business for bariatric equipment from any customers of Sizewise on behalf of itself or for any other person or organization that leases bariatric equipment similar to that offered by SizeWise.

18. Under section 2.9(c) of the Agreements, Defendants acknowledged that the unique relationship with Sizewise "is one of the highest trust and confidence."

19. Under section 2.9(e)(2) of the Agreements, Sizewise can, for breach of the Agreements, seek both remedies at law and an injunction enjoining Defendants from continued breach of the contract.

20. Under section 2.9(e)(3) of the Agreements, Sizewise may recover liquidated damages for violation of section 2.9(b), in an amount equal to 500% of the highest annual commissions generated within the three year period preceding the violation from the customers serviced as a result of the violation.

21. Under section 3.2(c) of the Agreements, Defendants, as consideration for agreeing to the covenants of section 2.9 of the Agreements, received 10% of the modified gross revenues accrued by Sizewise from leases of bariatric equipment within the designated service area.

## COUNT I
## BREACH OF CONTRACT

22. Sizewise incorporates paragraphs 1-21 as if fully set forth here.

23. Valid contracts exist between Sizewise and both New England Bariatrics and Ergo Sciences.

24. Defendants receipt of 50% of the modified gross revenues accrued by Sizewise during the term of the Agreements from leases of bariatric equipment in each defendant's assigned service area was sufficient consideration to support each contract.

25. Sizewise fully performed all its obligations under each contract.

26. Ergo Sciences and New England Bariatrics violated the provisions of its contract with Sizewise by:

    a. Failing to comply with Sizewise policy as set forth in the procedures manual;

    b. Unauthorized use of the bariatric equipment;

    c. Performing services under the agreement outside the designated service area;

    d. Leasing bariatric equipment provided by Sizewise outside the service area;

    e. Failing to maintain the bariatric equipment in accordance with the procedure manual;

f.   Directly billing or invoicing customers for bariatric equipment;

g.   Failing to pay amounts received in connection with bariatric equipment to Sizewise as soon as collected;

h.   Failing to use best efforts to cooperate with Sizewise in the collection of any accounts receivable from customers in the service area;

i.   Placing equipment leases for bariatric equipment or similar equipment for entities other than Sizewise; and

j.   Soliciting leasing business for bariatric equipment from customers, for itself or other entities which lease bariatric equipment similar to that offered by Sizewise.

27.   As a result of the breaches of contract by Ergo Sciences and New England Bariatrics, Sizewise has sustained substantial damage as a result of Defendants' breach of their respective contracts.

28.   WHEREFORE, Sizewise requests damages in an amount greater than $75,000.

## COUNT II
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING,

29.   Sizewise incorporates paragraphs 1-28 as if fully set forth here.

30.   Every contract contains an implied duty of good faith and fair dealing between the parties and conduct departing from that duty is a breach of a contractual obligation.

31.   Pursuant to that implied covenant, Defendants promised to refrain from doing anything that would impair Sizewise from receiving the anticipated contractual benefits and to fully co-operate with Sizewise in its performance under the agreements.

32.   Defendants violated the implied covenant of good faith and fair dealing by:

a.   Failing to comply with Sizewise policy as set forth in the procedures manual;

b.   Unauthorized use of the bariatric equipment;

  c. Performing services under the agreement outside the designated service area;

  d. Leasing bariatric equipment provided by Sizewise outside the service area;

  e. Failing to maintain the bariatric equipment in accordance with the procedure manual;

  f. Directly billing or invoicing customers for bariatric equipment;

  g. Failing to pay amounts received in connection with bariatric equipment to Sizewise as soon as collected;

  h. Failing to use best efforts to cooperate with Sizewise in the collection of any accounts receivable from customers in the service area;

  i. Placing equipment leases for bariatric equipment or similar equipment for entities other than Sizewise; and

  j. Soliciting leasing business for bariatric equipment from customers, for itself or other entities which lease bariatric equipment similar to that offered by Sizewise.

33. WHEREFORE, Sizewise requests damages in an amount greater than $75,000.

## COUNT III
## BREACH OF FIDUCIARY DUTY

34. Sizewise incorporates paragraphs 1-33 as if fully set forth here.

35. Subsection 2.9(c) creates a contractually-based fiduciary duty in Defendants to Sizewise.

36. As fiduciaries of Sizewise, Defendants had a duty to act in good faith and with due regard to the interests of Sizewise as the party placing confidence in Defendants.

37. Defendants breached their fiduciary duties by:

  a. Failing to comply with Sizewise policy as set forth in the procedures manual;

  b. Unauthorized use of the bariatric equipment;

      c.      Performing services under the agreement outside the designated service area;

      d.      Leasing bariatric equipment provided by Sizewise outside the service area;

      e.      Failing to maintain the bariatric equipment in accordance with the procedure manual;

      f.      Directly billing or invoicing customers for bariatric equipment;

      g.      Failing to pay amounts received in connection with bariatric equipment to Sizewise as soon as collected;

      h.      Failing to use best efforts to cooperate with Sizewise in the collection of any accounts receivable from customers in the service area;

      i.      Placing equipment leases for bariatric equipment or similar equipment for entities other than Sizewise; and

      j.      Soliciting leasing business for bariatric equipment from customers, for itself or other entities which lease bariatric equipment similar to that offered by Sizewise.

38.      As a proximate result Defendants' breach of their fiduciary duties Sizewise suffered damages.

39.      WHEREFORE, Sizewise requests:

      a.      Damages in an amount greater than $75,000 and

      b.      An accounting of Defendants' transactions involving the lease or rent of all bariatric equipment, regardless of the source of the equipment or the lessee, since October 1999.

## COUNT IV
## PRELIMINARY INJUNCTION

40.      Sizewise incorporates paragraphs 1-39 as if fully set forth here.

41. Sizewise has or in the immediate future will terminate the Agreements with each defendant. In light of the repeated breaches of the Agreements, Sizewise seeks injunctive relief under section 2.9(b) of the Agreements.

42. Sizewise seeks to enjoin Defendants, for a period of three years after the Agreements' termination, from calling on or leasing any bariatric equipment to any Sizewise customers or potential customers and to enjoin Defendants from requesting or advising Sizewise customers or potential customers to withdraw or cancel business with Sizewise.

43. Given Defendants' violations of the Agreements, Sizewise has a substantial likelihood of success on the merits of this lawsuit.

44. Sizewise will suffer irreparable harm in the absence of an injunction in the form of destroyed long-term business relations.

45. The threatened harm to Sizewise without an injunction outweighs the injury that an injunction may impose upon Defendants.

46. The injunction is not adverse to the public interest.

47. Sizewise requests an injunction enjoining Defendants, for a period of three years after the Agreements' termination, from calling on or leasing any bariatric equipment to any Sizewise customers or potential customers and enjoining Defendants from requesting or advising Sizewise customers or potential customers to withdraw or cancel business with Sizewise.

WHEREFORE, Sizewise requests entry of judgment in its favor, and against Defendants for:

a. Damages in an amount greater than $75,000, including liquidated damages in an amount equal to 500% of the highest annual commissions generated within the three year period preceding the breach of section 2.9(b) of the Agreements from the customers serviced as a result of the breach;

      b.      An accounting of Defendants' transactions involving the lease or rent of all bariatric equipment, regardless of the source of the equipment or the lessee, since October 1999;

      c.      Pre and Post judgment interest;

      d.      Costs incurred in prosecuting this litigation;

      e.      An injunction, for a period of three years after the Agreements' termination, enjoining Defendants from calling on or leasing any bariatric equipment to any Sizewise customers or potential customers and enjoining Defendants from requesting or advising Sizewise customers or potential customers to withdraw or cancel business with Sizewise; and

      f.      Other relief as the Court sees fit to provide.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas, as the place of trial.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

s/Clayton L. Barker
Michael F. Saunders      D. Kan. 70187
Clayton L. Barker      KS 18555
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: 816/474-8100
Facsimile: 816/474-3216
e-mail: msaunders@spencerfane.com
e-mail: cbarker@spencerfane.com

**ATTORNEYS FOR PLAINTIFF
SIZEWISE RENTALS, LLC**